UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**01      8100      CR-**

CASE NO. _____

33 U.S.C.§ 1311(a)
33 U.S.C.§ 1319(c)(2)(A)
33 U.S.C.§ 1344
18 U.S.C.§ 1361
18 U.S.C.§ 2

MAGISTRATE JUDGE
JOHNSON

UNITED STATES OF AMERICA,

v.

EMILIO A. PEREZ   and
EMI-SAR TRUCKING & EQUIPMENT, INC.,



FILED BY

01 AUG -7 PM 3: 14

                    Defendants.
_____/

### INDICTMENT

The Grand Jury charges that:

### COUNT 1

In or about February, 1999, up to and including May, 2001, on property in the area of Bay

Bottom Road and Rock Pit Road, Section 9, Township 42 South, Range 37 East, Pahokee, Palm

Beach County, in the Southern District of Florida, the defendants,

### EMILIO A. PEREZ
### and
### EMI-SAR TRUCKING & EQUIPMENT, INC.,

did knowingly and unlawfully discharge, caused to be discharged, and aid and abet the discharge of



**SCANNED**

pollutants from a point source, into wetlands and waters of the United States connected to interstate commerce, without a permit;

In violation of Title 33, United States Code, Sections 1311(a), 1319(c)(2)(A), 1344, and Title 18, United States Code Section 2.

## COUNT 2

In or about September, 1999, up to and including October, 1999, on property in the area at 17500 U.S. Highway 441 North between Port Mayaca and Canal Point just east of the Herbert Hoover Dike in Sections 2 and 11, Township 41 South, Range 37 East, Palm Beach County, in the Southern District of Florida, the defendants,

**EMILIO A. PEREZ**
**and**
**EMI-SAR TRUCKING & EQUIPMENT, INC.,**

did knowingly and unlawfully discharge, caused to be discharged, and aid and abet the discharge of pollutants from a point source, into wetlands and waters of the United States connected to interstate commerce, without a permit;

In violation of Title 33, United States Code, Sections 1311(a), 1319(c)(2)(A), 1344, and Title 18, United States Code Section 2.

## COUNT 3

In or about July, 1999, up to and including October, 1999, on property in the area at 17500

U.S. Highway 441 North between Port Mayaca and Canal Point just east of the Herbert Hoover Dike

in Sections 2 and 11, Township 41 South, Range 37 East, Palm Beach County, in the Southern

District of Florida, the defendants,

### EMILIO A. PEREZ
**and**
### EMI-SAR TRUCKING & EQUIPMENT, INC.,

did knowingly and wilfully injure and commit a depredation against property of a Department and

Agency of the United States, that is, lands acquired for use of the United States Department of the

Army Corps of Engineers by disposing processed and unprocessed solid waste onto said lands, such

damage exceeding the sum of $1,000.00;

In violation of Title 18, United States Code, Sections 1361 and 2.

A TRUE BILL

FOREMAN

GUY A. LEWIS
UNITED STATES ATTORNEY

KENNETH F. NOTO
ASSISTANT UNITED STATES ATTORNEY

3

UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

EMILIO A. PEREZ and
EMI-SAR TRUCKING & EQUIPMENT, INC.

CASE NO. **01 8100**

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

MAGISTRATE JUDGE
JOHNSON

**Court Division:** (Select One)

___ Miami   ___ Key West
___ FTL   _X_ WPB   ___ FTP

New Defendant(s)          Yes ___ No ___
Number of New Defendants      ___
Total number of counts        ___

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:   (Yes or No) __NO__
     List language and/or dialect _____

4.   This case will take __4__ days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                          (Check only one)

| I | 0 to 5 days | _X_ | Petty | _____ |
|---|---|---|---|---|
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | _____ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | _X_ |
| V | 61 days and over | _____ | | |

6.   Has this case been previously filed in this District Court? (Yes or No) __No__
     If yes:
     Judge: _____   Case No. _____
     (Attach copy of dispositive order)

     Has a complaint been filed in this matter? (Yes or No) __NO__
     If yes:
     Magistrate Case No. _____
     Related Miscellaneous numbers: _____
     Defendant(s) in federal custody as of _____
     Defendant(s) in state custody as of _____
     Rule 20 from the _____   District of _____

     Is this a potential death penalty case? (Yes or No) __NO__

7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No   If yes, was it pending in the Central Region? __ Yes __ No

8.   Did this case originate in the Narcotics Section, Miami? __ Yes _X_ No

KENNETH F. NOTO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0541869

DATED BY
MAG. SEC.
AUG - 7 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

**01    8100**

Defendant's Name: __EMILIO A. PEREZ_____. Case No. _____

Count #: 1 _____

Title 33, USC, §§§ 1311(a), 1319(c)(2)(A), 1344 and Title 18, USC § 2 _____

_Discharging pollutants into the wetlands, in connection to interstate commerce without permit_

*Max. Penalty:  Three years imprisonment _____

Count #: 2 _____

Title 33, USC, §§§ 1311(a), 1319(c)(2)(A), 1344 and Title 18, USC § 2 _____

_Discharging pollutants into the wetlands, in connection to interstate commerce without permit_

*Max. Penalty: Three years imprisonment _____

Count #: 3 _____

Title 18, USC, §§ 1361 and 2 _____

_Deprivation of Federal Property_ _____

*Max. Penalty:  Ten years imprisonment _____

Count #: _____

_____

_____

*Max. Penalty: _____
Count #: _____

_____

_____

*Max. Penalty: _____
Count # _____

_____

_____

*Max. Penalty: _____
Count # _____

_____

*Max. Penalty: _____

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

01          8100

Defendant's Name:   FMI-SAR TRUCKING & EQUIPMENT, INC.          Case No.:

Count #:1

Title 33, USC, §§§ 1311(a), 1319(c)(2)(A), 1344 and Title 18, USC § 2

Discharging pollutants into the wetlands, in connection to interstate commerce without permit

*Max. Penalty:   Three years imprisonment

Count #: 2

Title 33, USC, §§§ 1311(a), 1319(c)(2)(A), 1344 and Title 18, USC § 2

Discharging pollutants into the wetlands, in connection to interstate commerce without permit

*Max. Penalty: Three years imprisonment

Count #: 3

Title 18, USC, §§ 1361 and 2

Deprivation of Federal Property

*Max. Penalty:   Ten years imprisonment

Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #

*Max. Penalty:
Count #

*Max. Penalty:
**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**01       3100**

Case No. _____

MAGISTRATE JUDGE
JOHNSON

UNITED STATES OF AMERICA

vs.

EMILO A. PEREZ
and
EMI-SAR TRUCKING & EQUIPMENT, Inc.

           Defendants.

_____/

## CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  _____ Yes   __X__ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? _____Yes   __X__ No

                              Respectfully submitted,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY

BY:     _____

            KENNETH F. NOTO
            ASSISTANT UNITED STATES ATTORNEY
            Florida Bar Number: 0541869
            99 N. E. 4th Street
            Miami, Florida   33132-2111
            TEL (305) 961-9416
            FAX (305) 536-4651

FORM DBD-34
JUN. 85

No. 01

# UNITED STATES DISTRICT COURT

————— SOUTHERN ——— District of ———— FLORIDA————

————— CRIMINAL ———————Division

## THE UNITED STATES OF AMERICA

vs.

——————EMILIO A. PEREZ and ——————
EMI-SAR TRUCKING & EQUIPMENT, INC.

## INDICTMENT

IN VIOLATION OF: 33 USC §§1311(a), 1319(c0(2)(A) and 1344
18 USC § 1361

A true bill.

_____
Foreman

Filed in open court this ————
of ———— A.D. 200+

_____
Clerk

Bail, $ ——————

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.01-5132-VITUNAC

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

EMILIO A. PEREZ,

      Defendant.

_____

This cause came before the Court and pursuant to proceedings held, it is thereupon

**ORDERED AND ADJUDGED** as follows:

*Matter reset to August 15, 2001, at 9:30am for Arraignment.*

*Speedy trial to be tolled until 8/15/01.*

**DONE AND ORDERED** at West Palm Beach, Florida this __27th__ day of __June__ , 20__01__ .

TAPE NO:LRJ-01- 34- 1420/1671

_____
CHIEF U.S. MAGISTRATE JUDGE
LINNEA R. JOHNSON

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

AO 468 (1/86) Waiver of Preliminary Examination or Hearing

# United States District Court

_Southern_ _____ **DISTRICT OF** _____ _Florida._

UNITED STATES OF AMERICA

v.

_Emilio A. Perez_

**WAIVER OF PRELIMINARY
EXAMINATION OR HEARING
(Rule 5 or 32.1, Fed. R. Crim. P.)**

Case Number: _01-5132-Vitunac_

I, _Emilio Perez_ _____, charged in a (complaint) (petition)

pending in this District with _Filling Federal Wetlands Without permit_

in violation of Title _33_ _____, U.S.C., _1319(c)(2)(A), 1344_,

and having appeared before this Court and been advised of my rights as required by Rule 5 or Rule 32.1, Fed. R. Crim. P., including my right to have a preliminary (examination) (hearing), do hereby waive (give up) my right to a preliminary (examination) (hearing).

_____
_Defendant_

_6-27-2001_
_____
Date

_____
_Counsel for Defendant_

# COURT MINUTES

U.S. MAGISTRATE JUDGE **LINNEA R. JOHNSON** DATE: 6/27/01 ___ TIME: 9:30 AM

DEFT. EMILIO A. PEREZ (B) _____  CASE NO. 01-5132-VITUNAC

AUSA. ~~DIANE PATRICK~~ *Ken DeNoto* ___  ATTY. DEAN WILBUR, RET _____

AGENT. JAMES PEARSALL - DEA ___  FILLING FED'L WETLANDS W/O PERMIT
VIOL. 33:1319 (c)(2)(A) 1344

PROCEEDING  PRELIMINARY/ARRAIGNMENT  BOND. $75,000 CSB & $150,000 PSB

FUTURE DATES _____

DISPOSITION *Defendant waved Preliminary Hearing
in open Court. Matter reset to August 15, 2001
@ 9³⁰ am for arraignment.
Speedy trial to be tolled until 8/15/01.*

DATE: 8/27/01 ___  TAPE: LRJ-01- 3 4-1420 /1671

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                                      CASE NO.  01-5132 AEV

EMILIO A. PEREZ,

        Defendant.
_____/

### PRAECIPE FOR APPEARANCE

        The Clerk of the United States District Court in and for the Southern District Court will please enter an Appearance of the undersigned attorney for the Defendant, EMILIO A. PEREZ in the above styled cause for purposes of trial only.

        **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Kenneth Noto, AUSA, U.S. Attorney's Office at 99 North East Fourth Street, Suite 200, Miami, Florida 33132  by regular mail and fax this _____5th_____ day of June,  2001.

                                        WILLBUR & MONTESINO, P.L.
                                        Attorney for the Defendant
                                        1100 North Olive Avenue
                                        West Palm Beach, Florida 33401
                                        (561) 832-7773

                        BY:_____
                                        DEAN L. WILLBUR, JR.
                                        Florida Bar Number: 286222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-5132-VITUNAC

UNITED STATES OF AMERICA,

vs.

EMILIO A. PEREZ,

### ORDER ON HEARING TO REPORT RE: COUNSEL

The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____✓_____   Private counsel _Dean Willbur_
appeared in open court and is noted as permanent
counsel of record.

_____   The defendant requested Court appointed counsel, was
found eligible, and counsel will be appointed by
separate order.

_____   The defendant requested Court appointed counsel but
was found ineligible, and shall appear before the
Court on _____
at 10:00 a.m. to report regarding his/her further
efforts to retain counsel, unless counsel notices a
permanent appearance before that date.

_____   The defendant requested further time to retain
counsel and shall appear before the Court on
_____ at 10:00 a.m. to report
regarding his/her further efforts to retain counsel,
unless counsel notices a permanent appearance before
that date.

**DONE AND ORDERED** at West Palm Beach, Florida this _6th_ day of

_June_____, 20_01_.

TAPE NO. LRJ-01-32-23/1

_____
CHIEF U. S.   MAGISTRATE JUDGE
LINNEA R. JOHNSON

Copies provided to:
U.S. Attorney
Defense Counsel
Pretrial Services or Probation
U.S. Marshal

# COURT MINUTES

U.S. MAGISTRATE JUDGE **LINNEA R. JOHNSON** DATE: 6/06/01   TIME: 9:30 AM

DEFT. EMILIO A. PEREZ (B)                    CASE NO. 01-5132-VITUNAC

*Bill Block for*

AUSA. DIANE PATRICK                          ATTY. DAVID TUCKER - TEMP

                                             FILLING FED'L WETLANDS W/O PERMIT
AGENT. JAMES PEARSALL - EPA                  VIOL. 33:1319 (c)(2)(A), 1344

PROCEEDING  REPORT RE: COUNSEL               BOND. $75,000 CSB & $150,000 PSB

FUTURE DATES  Arraignment set 6/27/01

DISPOSITION *Dean Wilbur filed permanent Appearance.*

DATE: 6/6/01                          TAPE:LRJ-01- 32-2311

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

_____ SOUTHERN _____   DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

EMILIO A. PEREZ

## WARRANT FOR ARREST

CASE NUMBER: 01-5132 AEV

TO: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ EMILIO A. PEREZ _____

Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

[ ] Indictment [ ] Information [X] Complaint [ ] Order of court [ ] Violation Notice [ ] Probation Violation Petition

charging him or her with (brief description of offense) Illegally filling federal jurisdictional wetlands without required permit,

in violation of Title 33; 18 United States Code, Section(s) 1319 (c)(2)(A),1344; 2

ANN E. VITUNAC
Name of Issuing Officer

United States Magistrate Judge
Title of Issuing Officer

_Signature of Issuing Officer_

West Palm Beach, Florida
Date and Location

Bail fixed at $ 100,000 CSB Nebbia   by _____

Name of Judicial Officer

DEPUTY CLERK

---

### RETURN

This warrant was received and executed with the arrest of the above named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| 5-25-01 | Lou Vega, DUSM | |
| DATE OF ARREST | | |
| 5/25/2001 | | |

AO 442 (Rev. 12/85) Warrant for Arrest

0104-0525-2046-J

RECEIVED
UNITED STATES MARSHAL
2001 MAY 25 PM 12 22
SOUTHERN DISTRICT OF
FLORIDA
W. PALM BCH. OFF.

#01580

# UNITED STATES DISTRICT COURᴛ
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: _ _01-5132-Vitunac_ .

UNITED STATES OF AMERICA
          Plaintiff,

v.

*Emilio R. Perez* Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ _150,000 PSB_____.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

    1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred.  The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.  This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

    2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred.  The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

    3.  May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

    4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court.  The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

    5.  Shall not commit any act in violation of state or federal laws.

DEFENDANT: *Emilio A. Perez*
CASE NUMBER: *01-5132-AEV*
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

_____ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case; *telephonically monthly*

✓ b. Report to Pretrial Services as follows: (✗) as directed *and* *1* times, in person and _____ times by telephone;

_____ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

_____ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

_____ e. Participate in mental health assessment and/or treatment;

_____ f. Participate and undergo a sex offense specific evaluation and treatment;

_____ g. Maintain or actively seek full-time employment;

_____ h. Maintain or begin an educational program;

_____ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

✓ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

_____ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

_____ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

_____ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

_____ n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) **or paid for by Pretrial Services** ( ).

_____ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

_____ **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and** ( ) **other**

_____

_____ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____

✓ p. May travel ~~to and from~~ *in* : *State of Florida.* _____, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ q. Comply with the following additional conditions of bond:
*No Substitution of collateral; Not to commit any new crimes. To Stay away from Bull Bottom Rd + Rock Pit Road, Section 9, Township 42 South Range 37 East, PB County*

DEFENDANT: __EMILIO A. PEREZ__
CASE NUMBER: __01-5132-VITUNAC__

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _29_ day of _May_, 20_01_, at _WPB._, Florida.

Signed and acknowledged before me

WITNESS: _C. Surico._

ADDRESS: _701 Clematis St._

_WPB, Fl_ ZIP _33401_

DEFENDANT: (Signature)

ADDRESS: _17500 No US 441_

_Canal Point, Fl._ ZIP _33438_

TELEPHONE: _(561) 924-3150_

### CORPORATE SURETY

Signed this ____ day of _____, 20 __, at _____, Florida.

SURETY: _____

ADDRESS: _____

_____ ZIP _____

AGENT: (Signature) _____

PRINT NAME: _____

TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ____ day of _____, 20 __, at _____

SURETY: (Signature) _Sara Perez_

PRINT NAME: _SARA PEREZ_

RELATIONSHIP
    TO DEFENDANT: _WIFE_

ADDRESS: _17500 No 441_

_Canal Point, Fl_ ZIP _33438_

TELEPHONE: _(561) 924-3150_

SURETY: (Signature) _Edilia Perez_

PRINT NAME: _EDILIA PEREZ_

RELATIONSHIP
    TO DEFENDANT: _MOTHER_

ADDRESS: _251 1/2 E. MAIN St_

_Pahokee, Fl_ ZIP _33476_

TELEPHONE: _(561) 924-9216_

### APPROVAL BY COURT

Date: _5/29/01_

_____
CHIEF U. S. MAGISTRATE JUDGE
LINNEA R. JOHNSON

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

DEFENDANT: _Emilio A. Pea_
CASE NUMBER: _01-5132-V.Yunge_
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)     any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)     a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

# UNITED STATES DISTRICT COURt
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND:_____

CASE NO.: _01-5132- Vituac_____

UNITED STATES OF AMERICA
Plaintiff,

v.
_Emilio A. Pcez_/Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ _75,000 CSB_____.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5.  Shall not commit any act in violation of state or federal laws.

DEFENDANT: _Emilio A. Perz_
CASE NUMBER: _01-8132-AEV_
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

___a.  Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓b.  Report to Pretrial Services as follows: (X) *as directed* _telephonically_ _1_ *times in person and* _monthly)_ *____ times by telephone*;

___c.  Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___d.  Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___e.  Participate in mental health assessment and/or treatment;

___f.  Participate and undergo a sex offense specific evaluation and treatment;

___g.  Maintain or actively seek full-time employment;

___h.  Maintain or begin an educational program;

___i.  Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

✓j.  Refrain from possessing a firearm, destructive device or other dangerous weapons;

___k.  None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___l.  May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___m.  No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___n.  **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which (   ) **will not** or **(   ) will** include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* (   ) or paid for by Pretrial Services (   ).

    _____  **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

    _____  **Home Detention:** You are restricted to your residence at all times except for:  ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and** ( ) **other** _____.

___o.  **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
    You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____.

✓p.  May travel ~~to and from~~: _State of Florida_, and must notify Pretrial Services of travel plans before leaving and upon return.

✓q.  Comply with the following additional conditions of bond:
_No Substitution of Collateral; Not to commit any new crimes._
_To stay away from Bay Bottom Rd + Rock Pit Road, Section 9, Township 42 South,_
_Range 37 East, PB County._

DEFENDANT: _Emilio R Perez_

CASE NUMBER: _01-5132-V-furc_

PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)   an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)   an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)   any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)   a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: _Emilio R. Perez_
CASE NUMBER: _01-5132-V-funac_
**PAGE FOUR**

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _29_ day of _May_, 20 _01_, at _WPB_, Florida.
Signed and acknowledged before me:    DEFENDANT (Signature)
WITNESS: _E. Dunlap_    ADDRESS: _17500 NO U.S. 441_
ADDRESS: _701 Clematis St_    _Canal Point, Fl. ZIP 33438_
_WPB, Fl_    ZIP _33401_    TELEPHONE: _(561) 924-9210_

### CORPORATE SURETY

Signed this _29_ day of _MAY_, 20 _01_, at _WPB_, Florida.
SURETY: _BRANDY BAIL BONDS_    AGENT:(Signature) _M. H_
ADDRESS: _916 S. ANDREWS AVE_    PRINT NAME: _MICHAEL P. GAINS_
_FT LAUDERDALE, FL_ ZIP _33316_    TELEPHONE: _(954) 463-4333_

### INDIVIDUAL SURETIES

Signed this __ day of ____, 20 ___, at _____, Florida.    Signed this __ day of ____, 20 ___, at _____, Florida.
SURETY:(Signature)_____    SURETY:(Signature)_____
PRINT NAME:_____    PRINT NAME:_____
RELATIONSHIP TO    RELATIONSHIP TO
DEFENDANT:_____    DEFENDANT:_____
ADDRESS:_____    ADDRESS:_____
_____ZIP_____    _____ZIP_____
TELEPHONE:_____    TELEPHONE:_____

### APPROVAL BY COURT

Date: _5/29/01_

CHIEF U. S. MAGISTRATE JUDGE
LINNEA R JOHNSON

# Accredited Surety and Casualty Company, Inc.

**Home Office: Orlando, Florida**

## POWER-OF-ATTORNEY

Power Amount  $105,000.00

Power No.  **AE - No. 10718**

**KNOW ALL MEN BY THESE PRESENTS:** That the **ACCREDITED SURETY AND CASUALTY COMPANY, INC.** has made, constituted and appointed, and by these presents does make, constitute and appoint _Michael L. Saul_ its true and lawful Attorney-In-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. The authority of such Attorney-In-Fact is limited to criminal appearance bonds only and cannot be construed to guarantee payment of fines, costs, alimony, wage claims, support, or any other financial obligation, nor delivery or immigration bonds. This appearance bond is executed this __29__ day of __5__ Year __01__ on

behalf of __Emilio Perez__ _____ , amount of bond $ __75,000__

given to __Federal US South__ court. Provided that the authority of such Attorney-In-Fact to bind the Company shall not exceed the sum of

## One Hundred and Five Thousand ($105,000)

and provided this Power-Of-Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in the Power-Of-Attorney the name of the person on whose behalf this bond was given.

**THIS POWER IS VOID IF ALTERED OR ERASED AND CAN ONLY BE USED ONCE.**

IN WITNESS WHEREOF, THE **ACCREDITED SURETY AND CASUALTY COMPANY, INC.** has caused these presents to be signed by its authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this __1st__ day of __October__ , Year 1999.

> ACCREDITED SURETY AND CASUALTY COMPANY, INC.

Corporate
Seal

By _____

President or Vice President

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

On this __1st__ day __Oct__ , Year __1999__ before me, A Notary Public of the State of Florida, in and for the County of Orange, duly commissioned and qualified came the above named officer of **ACCREDITED SURETY AND CASUALTY COMPANY, INC.**, to me personally known to be the individual and officer described in, and who executed the preceding instrument and acknowledged the execution of the same, and being by me duly sworn, deposed and said that he is the officer of the said Company aforesaid and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and the said Corporate Seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation.

**My Commission Expires:**

> NOTARY PUBLIC - STATE OF FLORIDA
> MARTHA G. O'DELL
> COMMISSION # CC 828943
> EXPIRES 07/09/2003

Martha G. O'Dell

Notary Public

ASC 303 (7/99)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 01-5132-VITUNAC

UNITED STATES OF AMERICA,

v.

EMILIO A. PEREZ

### ORDER ON BOND MOTION

This Cause came before the Court upon motion of the (defendant) (~~government~~) to (~~reduce~~) (~~increase~~) (modify) the bond. Upon consideration, it is
**ORDERED AND ADJUDGED** as follows:
_____ The motion is **denied**; bond remains at _____
__✓__ The motion is **granted**; bond is set at:
_____ Personal Surety, unsecured, in the amount of
$ _____

_____ Personal Surety in the amount of $ _____
with 10% posted with Clerk of Court.

__✓__ Personal Surety in the amount of $ *150 000*
secured by the following collateral: *Cosigned by wife and mother*

__✓__ Full Cash in the amount of $ _____

__✓__ Corporate Surety in the amount of $ *75,000*

In addition to the standard conditions of bond, the following special conditions are hereby imposed:
___ **SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.**
_✓_ **REPORT TO PRETRIAL SERVICES AS FOLLOWS:** *1* X ~~WEEKLY~~ *monthly* **IN PERSON AND/OR** *✓* ~~WEEKLY~~ **BY PHONE.** *as directed.*
___ **SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES PROHIBITED BY LAW.**
___ **MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.**
___ **AVOID ALL CONTACT WITH VICTIMS/WITNESSES TO THE CRIMES CHARGED.**
_✓_ **REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.**
_✓_ **COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND:** *No substitution of collateral. Not to commit any new crimes. Restricted to State of Fla. Stay away from premises indicated on record.*
**DONE AND ORDERED** at West Palm Beach, Florida this 29th day of May 20 01.
TAPE NO.LRJ-01-30-3044/31-1

c: AUSA, Defense
   Pretrial Services,
   U.S. Marshal

CHIEF U. S. MAGISTRATE JUDGE
LINNEA R. JOHNSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.01-5132-VITUNAC



UNITED STATES OF AMERICA,

      Plaintiff,

vs.

EMILIO A. PEREZ,

      Defendant.

_____

This cause came before the Court and pursuant to proceedings held, it is thereupon

**ORDERED AND ADJUDGED** as follows:

Report re: counsel reset to June 6, 2001 @ 9:30 am.

Arraignment set for 6/27/01 @ 9:30 am.

**DONE AND ORDERED** at West Palm Beach, Florida this _29th_ day of _May_ , 20_01_ .

TAPE NO:LRJ-01-_30-3074/31-1_

_____
CHIEF U.S.MAGISTRATE JUDGE
LINNEA R. JOHNSON

c: AUSA
  Defense Counsel
  Pretrial Services
  U.S. Marshal

# COURT MINUTES

U.S. MAGISTRATE JUDGE **LINNEA R. JOHNSON** DATE: 5/29/01   TIME: 9:30 AM

DEFT. EMILIO A. PEREZ (J)                              CASE NO. 01-5132-VITUNAC

*Ken Noto*

AUSA. DIANE PATRICK                                   ATTY. DAVID TUCKER - TEMP

                                                      FILLING FED'L WETLANDS W/O PERMIT
AGENT. JAMES PEARSALL - EPA                           VIOL. 33:1319 (c)(2)(A), 1344

               BOND HEARING &
PROCEEDING SETTING ARRAIGNMENT DATE                   BOND. $100,000 CSB W/NEBBIA

FUTURE DATES   REPORT RE: COUNSEL SET 6/1/01   (Reset 6/6/01)

DISPOSITION   Arraignment set for 6/27/01 @ 9³⁰ am.
Bond hearing held. Bond set @ 150,000 PSB
& 75,000 CSB. Personal Surety to be cosigned by
mother and wife. Report to Pretrial Services 1X
a month in person + telephonically as directed by
Pretrial Services. No substitution of collateral. Not
to possess ʷpurchase firearms; Not to commit any new crimes
Restricted to State of Florida. To stay away
from premises @ 42 S. Range 37 East, PB County
Bay Bottom Rd + Rock Pit Road, Section 9, Township.
Defendant waived preceding to arraignment in 10 days.
Arraignment set 6/27/01 @ 9³⁰ am.

DATE: 5/29/01                    TAPE:LRJ-01- 30-3044/31-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA          CASE #  _01-5132AEV_

VS.                               REPORT COMMENCING CRIMINAL ACTION

_EMILIO PEREZ_          PRISONER #  _27852-004_

*************************************************************
TO CLERK'S OFFICE, UNITED STATES DISTRICT COURT: (CIRCLE ONE)

MIAMI     FT. LAUDERDALE     (WEST PALM BEACH)     FT. PIERCE

(CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATE COURT)
*************************************************************

ALL ITEMS ARE TO BE COMPLETED.  INFORMATION NOT APPLICABLE OR
UNKNOWN TO BE INDICATED BY "N/A"

1) DATE AND TIME OF ARREST: _5/24/2001   12:20 P.M._

2) LANGUAGE(S) SPOKEN: _ENGLISH / SPANISH_

3) OFFENSE(S) CHARGED: _33 USC 1319(c)(2)(A), 1344; 18 USC 2_

4) U. S. CITIZEN  [ ] YES     [ ] NO     [ ] UNKNOWN

5) DATE OF BIRTH: _10/22/1957_

6) TYPE OF CHARGING DOCUMENT: (CHECK ONE)
   [ ] INDICTMENT     [✓] COMPLAINT TO BE FILED (ALREADY FILED)
   [ ] BENCH WARRANT FOR FAILURE TO APPEAR
   [ ] PROBATION VIOLATION WARRANT
   [ ] PAROLE VIOLATION WARRANT

   CASE #  _01-5132-AEV_

   ORIGINATING DISTRICT: _SOUTHERN DISTRICT OF FLORIDA_

   COPY OF WARRANT LEFT WITH BOOKING OFFICER [ ] YES   [ ] NO

7) AMOUNT OF BOND: _100,000_     WHO SET BOND _JUDGE_

8) ARRESTING AGENT: _JAMES PEARSALL_   DATE: _5/24/2001_

9) AGENCY _U.S. EPA - CID_   (PRINT NAME)   PHONE: _305-536-6704_

10) REMARKS: _____
    _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: __01-5132-AEV__

UNITED STATES OF AMERICA,

      Plaintiff,

ORDER ON INITIAL APPEARANCE

Language __ENGLISH__

v.

Tape No. __AEV 01-50-1364__

      Defendant.

AUSA ____DIANA PATRICK____

__EMILIO A. PEREZ_____/

Agent _____EPA_____

The above-named defendant having been arrested on _____5-25-01_____, having appeared before the court for initial appearance on _____5-25-01_____, and proceedings having been held in accordance with *F.R.C.P.* 5 or 40(a), it is thereupon ORDERED as follows:

1. ____GEORGE GUTIERREZ FOR DAVID TUCKER____ appeared as ~~permanent~~/temporary counsel of record.

   Address: _____

   Zip Code: _____ Telephone: _____

2. _____ appointed as permanent counsel of record.

   Address: _____

   Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at ____WPB____ on ____FRIDAY, 6-1-01 @ 9:30 AM BEFORE JUDGE JOHNSON____, 19____.

4. Arraignment/~~Preliminary/Removal/Identity~~ hearing ~~is set for~~ __TO BE SET AT BOND HEARING__ 19____.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. 3142(d) or (f) because _____ __COURT ORDERED__ _____.
   __BOND__
   A ~~detention~~ hearing, pursuant to 18 U.S.C. 3142(f), is set for __TUESDAY, 5-29-01 @ 9:30 AM BEFORE JUDGE JOHNSON__, 19____.

6. The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant to 18: U.S.C. 3142:

   _____

   _____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

_____ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

_____ b. Report to Pretrial Services as follows: _____ times a week by phone _____ times a week in person; other: _____

_____ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

_____ d. Maintain or actively seek full-time gainful employment.

_____ e. Maintain or begin an educational program.

_____ f. Avoid all contact with victims of or witnesses to the crimes charged.

_____ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

_____ h. Comply with the following curfew: _____

SD/F M-1

USA VS. ᵀMILIO A. PEREZ

01-5132-..ₑV

____ i. Comply with the following additional special conditions of this bond: _____

_____

_____

This bond was set: At Arrest    _____

On Warrant    _____

After hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____

____ If this space is checked, an evidentiary hearing pursuant to *United States v. Nebbia*, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post the bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

DONE AND ORDERED at ____ **WPB** ____, this __25__ day of __**MAY**_____, ~~19~~ **2001.**

_____
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION:
WHITE to Court file
BLUE to defendant
GREEN to Assistant U.S. Attorney
YELLOW to Counsel
PINK to U.S. Marshal
GOLD TO Pretrial Services

SD/F M-1
Rev.7/90

# COURT MINUTES

U.S. MAGISTRATE JUDGE **ANN E. VITUNAC** DATE: 05/25/2001     TIME:   9:30 AM

DEFT.    EMILIO A. PEREZ ✓  (J)          CASE NO.    01-5132-AEV

AUSA.      DIANE PATRICK ✓            ATTY. George Gutierrez for
                                            David Tucker   (temp)

AGENT. JAMES PEARSALL-EPA           VIOL.    33:1319(c)(2)(A), 1344

PROCEEDING    INITIAL HEARING        BOND. $100,000 CSB W/NEBBIA

DISPOSITION    Initial held

Deft present with Counsel — sworn testo
Complaint read to deft & advised of his rights
Status Re Counsel set for Friday, 6-1-01
@ 9:30 am before Judge Johnson.
Parties Stipulate to a $200,000 PSB to be co-sign by wife.
Bond hearing set for 5-29-01 @ 9:30 am
before Judge Johnson. Arraignment date to
be set at bond hearing.

DATE:    5-25-01          TAPE: AEV01-50-1364

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA
V.

EMILIO A. PEREZ

## WARRANT FOR ARREST

CASE NUMBER: 01-5132 AEV

TO:    The United States Marshal
       and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ EMILIO A. PEREZ _____

                                                                            Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

[ ] Indictment [ ] Information [X] Complaint [ ] Order of court [ ] Violation Notice [ ] Probation Violation Petition

charging him or her with (brief description of offense)  Illegally filling federal jurisdictional wetlands
without required permit,

in violation of Title 33; 18   United States Code, Section(s) 1319 (c)(2)(A),1344; 2 .

ANN E. VITUNAC                                United States Magistrate Judge
Name of Issuing Officer                       Title of Issuing Officer

_____                       West Palm Beach, Florida
Signature of Issuing Officer                  Date and Location

Bail fixed at $ 100,000 CSB Nebbia  by  _____
                                              Name of Judicial Officer
                                              DEPUTY CLERK

| RETURN |
|--------|

This warrant was received and executed with the arrest of the above named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

**CRIMINAL COMPLAINT**

v.

EMILIO A. PEREZ
17500 US 441
Canal Point, Florida

CASE
NUMBER: _01 - 5132 AEV_

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about _____ in _____Palm Beach_____ County, in the _____Southern_____ District of ___Florida___ the defendant(s),

SEE ATTACHMENT A.

In violation of Title ___33; 18___ United States Code, Section(s) ___1319 (c) (2)(A), 1344; 2___

I further state that I am a ___Special Agent, US Environmental Protection Agency, Criminal Investigations Division___ and that this complaint is based on the following facts:

<span style="margin-left:2em">Official Title</span>

SEE ATTACHMENT B. [Affidavit]
SEE ATTACHMENT C. [US Army Corps of Engineers Cease and Desist Orders (2)]

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant:   JAMES PEARSALL
US EPA, CRIMINAL INVESTIGATIONS DIVISION

Sworn to before me and subscribe in my presence,

_____May 24, 2001_____ at _____West  Palm Beach, Florida_____
Date                                                              City and State

Ann E. Vitunac
UNITED STATES MAGISTRATE JUDGE .HR
So Ordered of Fla -
Name & Title of Judicial Officer                    Signature of Judicial Officer

3 yrs   50,000 k/day

# *Attachment B*

**AFFIDAVIT**
**IN SUPPORT OF CRIMINAL COMPLAINT**

I, James Pearsall, being duly sworn, deposed and state:

1.      I am a Special Agent with the United States Environmental Protection Agency, Criminal Investigations Division and have been employed in that capacity since 1999.  From 1989 to 1999, I was employed as a Deputy Sheriff with the Palm Beach County Sheriff's Office assigned to the Environmental Investigations Unit investigating violations of both State of Florida and United States Code violations.  Since 1991, I have been an instructor in the environmental criminal investigations field for numerous agencies such as, the US EPA National Academy, Southern Environmental Enforcement Network, Florida Department of Environmental Protection, and the Florida Department of Law Enforcement.  As a result of my training and experience, I am familiar with Federal Laws and regulations relating to the enforcement of the Clean Water Act, 33 USC § 1344, as well as other environmental statutes and regulations.  I am currently assigned as a Special Agent in the Miami Resident Office.

2.      I make this affidavit on the basis of my personal observations and the observations of other law enforcement officers from the United States Department of Transportation, Office of Inspector General and the Palm Beach County Sheriff's Office, Environmental Investigations Unit.

3.      EMILIO A. PEREZ operates EMISAR Trucking & Equipment, Inc., a Florida corporation. EMISAR Trucking & Equipment, Inc. transports aggregate such as sand and rock as well as solid waste in the form of stable waste, processed and unprocessed vegetative debris.

4.      On March 17, 2000 Investigator Bill Timmsen, Palm Beach County Sheriff's Office, Environmental Investigations and I interviewed EMILIO A. PEREZ at his business, Glades Towing, Pahokee, Florida reference an unauthorized wetlands filling operation in Canal Point, Palm Beach County, Florida.  We were also aware of an unauthorized wetlands filling operation in the area of Bay Bottom Road and Rock Pit Road, Section 9, Township 42 South, Range 37 East, Palm Beach County, in the Southern District of Florida, that is the subject of this

complaint.  During the interview, EMILIO A. PEREZ said he was responsible for the ongoing filling of the Bay Bottom Road site.

5.     Based on personal observations and surveillance documentation, dump trucks, "walking floor" trailers and a front end loader bucket constituted the point source or defined conveyance that dumped or discharged the solid waste into the wetland area.

6.     During the March 17, 2000 interview, Investigator Timmsen and I explained the potential local, state and federal violations.  EMILIO A. PEREZ stated he would cease all filling and dumping activities until he had the required permits.

7.     On May 23, 2000, a Cease and Desist Order was issued by the United States Army Corps of Engineers was issued to EMILIO A. PEREZ and Sara Perez, and EMISAR Trucking & Equipment, Inc. for the unauthorized wetlands filling operation at the Bay Bottom Road site. According to the order, an inspection of the site disclosed the "unauthorized deposition of mulch, plastic, trash, and other unclean fill material on the site" in violation of 33 United States Code, Section 1344.  The Order further advised EMILIO A. PEREZ of the potential for civil and criminal penalties.  The unauthorized filling ceased for a period of time.

8.     While the criminal investigation continued, sporadic filling continued on the area of the Bay Bottom site on the northern section that had been substantially filled at the time of the May 23, 2000, Cease and Desist Order.

9.     On February 27, 2001, I accompanied Tori Agramonte, Team Leader, United States Army Corps of Engineers, Stuart Regulatory Office to the site in order to verify the USACE wetland delineation and that the area being filled was indeed within the jurisdictional limits of the USACE.    Agramonte confirmed that the area contains jurisdictional adjacent wetlands as defined in 33 Code of Federal Regulations 328.3(c) and wetlands connected to interstate commerce.

10.     On April 2, 2001, Investigator John Lachman, Palm Beach County Sheriff's Office and I conducted an interview of Henry Rionda.  Rionda contracts with EMILIO A. PEREZ for EMISAR

Trucking & Equipment, Inc. to haul unprocessed and processed solid waste.   During the interview, Rionda said, he had heard the United States Army Corps of Engineers had issued a cease and desist order to EMILIO A. PEREZ.   Rionda advised EMILIO A. PEREZ had acknowledged receiving the cease and desist order and told Rionda it was all taken care of. Rionda stated, he asked EMILIO A. PEREZ for the related paperwork but EMILIO A. PEREZ had not provided any documentation.

11.     On May 14, 2001 EMILIO A. PEREZ was observed and documented as he arrived and unlocked the access gate to the Bay Bottom site to allow a truck loaded with waste to enter the site and dump.

12.     On May 16, 2001 EMILIO A. PEREZ was observed and documented while on the Bay Bottom Road site, communicating with the heavy equipment operator who was moving the piles of waste on the property.

13.     On May 16, 2001 a Florida Department of Health, Notice of Violation Number SW-07-01 addressed to EMILIO A. PEREZ, was hand delivered.   The Notice of Violation referenced operating an unpermitted solid waste management facility on the Bay Bottom Road site and ordered EMILIO A. PEREZ to "cease and desist all operating activities at this time." Although this Notice of Violation is in reference to State of Florida laws and regulations, it is further documentation of efforts to notify and gain compliance.

14.     On May 17, 2001, Investigator Timmsen and Joseph Lurix of the Florida Department of Environmental Protection were at the Bay Bottom Road site and observed recent unauthorized filling of a new section of wetlands on the southeast portion of the Bay Bottom Road site.   The debris in the wetlands consisted of plywood, trees, dirt and cleared vegetation.

15.     On May 22, 2001, Investigator Timmsen and Joseph Lurix returned to the Bay Bottom Road site. They observed that an additional fifty (50) feet by one hundred (100) feet of the new section of wetlands on the southeast had been filled.   A review of the surveillance documentation revealed the heavy equipment had been on the site for at least nine (9) hours on Sunday, May 20, 2001, working on the southeast section of the site.

16.     On May 22, 2001, I contacted Tori Agramonte, Team Leader, United States Army Corps of Engineers, Stuart Regulatory Office.  Agramonte advised that EMILIO A. PEREZ was still in violation of the Cease and Desist order issued on May 23, 2000.

17.     Upon further information and belief, on or about May 20, 2001, within the Southern District of Florida, the defendant, EMILIO A. PEREZ, did knowingly and intentionally cause agents of EMISAR TRUCKING & EQUIPMENT, INC to fill, approximately 15 acres of waters of the United States, to wit: processed and unprocessed solid waste was deposited into jurisdictional adjacent wetlands and wetlands connected to interstate commerce as determined by the United States Army Corps of Engineers, contrary to the law, in violation of Title 33, United States Code, Section 1319 (c)(2)(A) and 1344.

18.     Upon further information and belief, on or about May 20, 2001, within the Southern District of Florida, the defendant, EMILIO A. PEREZ did knowingly and intentionally aid and abet the foregoing violation to wit: caused agents of EMISAR TRUCKING & EQUIPMENT, INC to deposited into approximately 15 acres of jurisdictional adjacent wetlands and wetlands connected to interstate commerce, waters of the United States, as determined by the United States Army Corps of Engineers processed and unprocessed solid waste contrary to the law, in violation of Title 18, United States Code, Section 2.

JAMES PEARSALL
SPECIAL AGENT, US EPA-CID

Sworn to me before this
____ 24th day
of May, 2001

Ann E. Vitunac
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

## *Attachment A*

On or about January 2000 to May 20, 2001, on wetland property in the area of Bay Bottom Road and Rock Pit Road, Section 9, Township 42 South, Range 37 East, Palm Beach County, in the Southern District of Florida, the defendant, EMILIO A. PEREZ, did knowingly and unlawfully cause agents of EMISAR TRUCKING & EQUIPMENT, INC., to fill approximately 15 acres of waters of the United States, to wit: processed and unprocessed solid waste was deposited into jurisdictional adjacent wetlands and wetlands connected to interstate commerce as determined by the United States Army Corps of Engineers, contrary to the law, in violation of Title 33, United States Code, Section 1319(c)(2)(A), 1344 and EMILIO A. PEREZ did knowingly aid and abet the foregoing violation, all in violation of Title 18, United States Code, Section 2.



USEPA CID
1400-0036

**DEPARTMENT OF THE ARMY**
JACKSONVILLE DISTRICT CORPS OF ENGINEERS
P. O. BOX 4970
JACKSONVILLE, FLORIDA 32232-0019

REPLY TO
ATTENTION OF    CERTIFIED MAIL RETURN RECEIPT REQUESTED

Regulatory Division                MAY 2 3 2000
Enforcement Branch
199904481(C&D)



Emilio and Sara Perez
Post Office Box 202
Pahokee, Florida  33476

<u>CEASE AND DESIST ORDER</u>

Dear Mr. and Mrs. Perez:

A recent inspection by a member of my Regulatory Division,
South Permits Branch disclosed that unauthorized deposition of
mulch, plastic, trash, and other unclean fill material has taken
place within approximately 8 acres of waters of the United
States.  The property is located at Bay Bottom Road and Rock Pit
Road in Section 9, Township 42 south, Range 37 east, Pahokee,
Palm Beach County, Florida.

Information received in this office indicates that you are a
party associated with this activity, either as a property owner
or person performing or causing the performance of this work.  It
is my responsibility, as District Engineer, to enforce the
provisions of the Clean Water Act as it relates to this activity
and to request that further activity, as stated above, cease and
desist.

Section 404 of the Clean Water Act 33 U.S.C. paragraph 1344,
prohibits discharges of dredged or fill material into waters of
the United States and their adjacent wetlands unless the work has
been authorized by Department of the Army permit.  Civil fines of
not more than $25,000 per day of violation, criminal fines of up
to $50,000 per day of violation, and imprisonment are provided
along with injunctive relief, including restoration of the area.

If further work is performed after receipt of this cease and
desist order, I must seek immediate legal action to halt such

-2-

activity.  It is requested that you acknowledge receipt of this
letter within 15 days, comply with its terms, and provide
information concerning the public and/or private need for this
work, the beneficial and detrimental effects it will have on the
surrounding environment, and any information you may wish to
provide concerning the history of your activity.  In addition,
comments will be solicited from appropriate Federal and State
agencies in order to better evaluate this activity.

In accordance with a Memorandum of Agreement between the
Department of the Army and the U.S. Environmental Protection
Agency (EPA) concerning federal enforcement of Section 404 of the
Clean Water Act, a copy of this notification is being sent to the
EPA for review and coordination.  My staff will conduct a
preliminary investigation to determine whether EPA or the U.S.
Army Corps of Engineers will be the Federal agency responsible
for evaluating the unauthorized work.  You will be notified
whether EPA or the Corps will be the agency to work with you to
resolve the violation.

If you have any questions, please contact Ivette McGraw in
writing, at the letterhead address or by telephone at 904-232-
3526, fax 904-232-1684.

Sincerely,

Joe R. Miller
Colonel, U.S. Army
District Engineer

Enclosures

Identical Letter Sent to:
Emi-Sar Trucking and Equipment, Inc., 246 East Main Street
     Pahokee, Florida  33476

199904481(C&D)

bcc:
DEP, Carol Meeds, West Palm Beach
DEP, Joe Lurix, West Palm Beach
EPA, Mike Wiley, Atlanta
EPA, James Pearsal, Miami
EPA, Richard Harvey, West Palm Beach
FWS, Kalani Cairns, Vero Beach
NMFS, Mike Johnson, Miami
Palm Beach Co ERM, Rich Walesky, West Palm Beach
Palm Beach Co Solid Waste Authority, Ken Berg, West Palm Beach
Palm Beach Co Sheriff's Office, Mike Farley, West Palm Beach
SFWMD, Bob Brown, West Palm Beach
CESAJ-RD-E
CESAJ-RD-S

    NOTE: Under our present permit regulations, we must make an
evaluation, similar to that made on a permit application, to
determine whether the above-mentioned work, or alternately some
form of restoration, is in the general public interest.  In order
to conduct a complete evaluation of this project, we request any
recommendations your agency may wish to offer regarding the
probable beneficial and/or detrimental consequences of the
present work versus those of possible restoration of the area.

    Considering the need to act decisively on these violations,
we request your comments be submitted no later than 30 days from
the date of this letter, U.S. Army Corps of Engineers,
Jacksonville District, Attention:  Enforcement Branch, (Ms.
Ivette McGraw), PO Box 4970, Jacksonville, FL  32232-0019,
telephone 904-232-3526.  Should you require additional time in
which to respond, please advise.



denotes fill

199904481
Sheet 2 of 2

1400-0036



**DEPARTMENT OF THE ARMY**
JACKSONVILLE DISTRICT CORPS OF ENGINEERS
P. O. BOX 4970
JACKSONVILLE, FLORIDA 32232-0019



REPLY TO
ATTENTION OF    CERTIFIED MAIL RETURN RECEIPT REQUESTED

Regulatory Division          MAY 2 3 2000
Enforcement Branch
199904481(C&D)


Emi-Sar Trucking & Equipment, Inc.
246 East Main Street
Pahokee, Florida  33476


## CEASE AND DESIST ORDER


Dear Sir or Madam:

    A recent inspection by a member of my Regulatory Division,
South Permits Branch disclosed that unauthorized deposition of
mulch, plastic, trash, and other unclean fill material has taken
place within approximately 8 acres of waters of the United
States.  The property is located at Bay Bottom Road and Rock Pit
Road in Section 9, Township 42 south, Range 37 east, Pahokee,
Palm Beach County, Florida acres of waters of the United States.

    Information received in this office indicates that you are a
party associated with this activity, either as a property owner
or person performing or causing the performance of this work.  It
is my responsibility, as District Engineer, to enforce the
provisions of the Clean Water Act as it relates to this activity
and to request that further activity, as stated above, cease and
desist.

    Section 404 of the Clean Water Act 33 U.S.C. paragraph 1344,
prohibits discharges of dredged or fill material into waters of
the United States and their adjacent wetlands unless the work has
been authorized by Department of the Army permit.  Civil fines of
not more than $25,000 per day of violation, criminal fines of up
to $50,000 per day of violation, and imprisonment are provided
along with injunctive relief, including restoration of the area.

    If further work is performed after receipt of this cease and
desist order, I must seek immediate legal action to halt such

-2-

activity.  It is requested that you acknowledge receipt of this letter within 15 days, comply with its terms, and provide information concerning the public and/or private need for this work, the beneficial and detrimental effects it will have on the surrounding environment, and any information you may wish to provide concerning the history of your activity.  In addition, comments will be solicited from appropriate Federal and State agencies in order to better evaluate this activity.

In accordance with a Memorandum of Agreement between the Department of the Army and the U.S. Environmental Protection Agency (EPA) concerning federal enforcement of Section 404 of the Clean Water Act, a copy of this notification is being sent to the EPA for review and coordination.  My staff will conduct a preliminary investigation to determine whether EPA or the U.S. Army Corps of Engineers will be the Federal agency responsible for evaluating the unauthorized work.  You will be notified whether EPA or the Corps will be the agency to work with you to resolve the violation.

If you have any questions, please contact Ivette McGraw in writing, at the letterhead address or by telephone at 904-232-3526, fax 904-232-1684.

Sincerely,

Joe R. Miller
Colonel, U.S. Army
District Engineer

Enclosures

Identical Letter Sent to:
Emilio and Sara Perez, PO Box 202, Pahokee, Florida
    33476

-3-

199904481(C&D)

bcc:
DEP, Carol Meeds, West Palm Beach
DEP, Joe Lurix, West Palm Beach
EPA, Mike Wiley, Atlanta
EPA, James Pearsal, Miami
EPA, Richard Harvey, West Palm Beach
FWS, Kalani Cairns, Vero Beach
NMFS, Mike Johnson, Miami
Palm Beach Co ERM, Rich Walesky, West Palm Beach
Palm Beach Co Solid Waste Authority, Ken Berg, West Palm Beach
Palm Beach Co Sheriff's Office, Mike Farley, West Palm Beach
SFWMD, Bob Brown, West Palm Beach
CESAJ-RD-E
CESAJ-RD-S
CESAJ-RD-SV
CESAJ-CO-SO-R

NOTE: Under our present permit regulations, we must make an
evaluation, similar to that made on a permit application, to
determine whether the above-mentioned work, or alternately some
form of restoration, is in the general public interest.  In order
to conduct a complete evaluation of this project, we request any
recommendations your agency may wish to offer regarding the
probable beneficial and/or detrimental consequences of the
present work versus those of possible restoration of the area.

Considering the need to act decisively on these violations,
we request your comments be submitted no later than 30 days from
the date of this letter, U.S. Army Corps of Engineers,
Jacksonville District, Attention:  Enforcement Branch, (Ms.
Ivette McGraw), PO Box 4970, Jacksonville, FL  32232-0019,
telephone 904-232-3526.  Should you require additional time in
which to respond, please advise.



SEE MAP NO 106

1999044481
Sheet 1 of 2

denotes fill

199904481
Sheet 2 of 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### BOND RECOMMENDATION

DEFENDANT: _____ **EMILIO A. PEREZ** _____

$~~$ *$100,000*

~~$50,000~~ Corporate Surety is recommended as to defendant.

By:_____

**THOMAS WATTS-FITZGERALD**
**ASSISTANT U. S. ATTORNEY**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _01-5132 AEv_

**UNITED STATES OF AMERICA**

vs.

**EMILIO A. PEREZ**

          **Defendant.**

_____/

**CRIMINAL COVER SHEET**

1.    Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?   ____ Yes   _X_ No

2.    Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?   ____Yes   _X_ No

                    Respectfully submitted,

                    GUY A. LEWIS
                    UNITED STATES ATTORNEY

BY:      _____
                    THOMAS WATTS-FITZGERALD
                    ASSISTANT UNITED STATES ATTORNEY
                    Florida Bar Number 0273538
                    99 N. E. 4th Street
                    Miami, Florida   33132-2111
                    TEL (305) 961-9413
                    FAX (305) 536-4651