UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-8100-Cr-Moreno

UNITED STATES OF AMERICA,

    Plaintiff,
v.

EMILIO A. PEREZ,

    Defendant.
_____/

# REPORT AND RECOMMENDATION ON GOVERNMENT'S MOTION FOR STATUS CONFERENCE [DE 173]

This matter is before the undersigned on an order of reference from the Hon. Federico A. Moreno dated January 14, 2019.  DE 179.  Judge Moreno directed the undersigned to conduct a status hearing and prepare a Report and Recommendation regarding the Defendant's continued failure to pay the fine imposed by the Hon. Kenneth L. Ryskamp.  DE 93.

A status hearing was held on April 15, 2019, with the Defendant present.  The defendant requested additional time to try to resolve this matter with the Government, so the hearing was continued to July 12, 2019.  DE 181.  On June 20, 2019, the Court *sua sponte* rescheduled the hearing to July 10, 2019.  DE 182.  It is not clear in the record how the Defendant was served with the updated notice of hearing.  On July 9, 2019, the Government filed a Notice of Supplemental Filing Regarding Outstanding Criminal Fine.  DE 183.  According to the Notice, the Clerk's Office records show that the Defendant still owes $21,471.31 in principal, exclusive of any statutory interest.  DE 183 at 2. The Government represents that the Defendant has the present ability to pay because he owns multiple parcels of real estate, which could be used to satisfy the outstanding fine amount.  DE 183 at 2-3.

Notably, the Defendant has not alleged that he cannot pay the amount owed; instead, he claims that his personal fine was already paid. This position is contrary to the record in this case. On December 2, 2002, Judge Ryskamp sentenced the Defendant to 36 months imprisonment, three years of supervise release, $300 in special assessments, a $25,000 fine, and $9,100 in restitution. DE 93. On the same day, Judge Ryskamp sentenced the Defendant's corporation, EMI-SAR Trucking, to five years probation, $1,200 in special assessments, a $25,000 fine, and $9,100 in restitution. DE 92. The restitution was jointly and severally owed by the Defendant and his corporation.

On December 4, 2003, Judge Ryskamp entered an order of contempt against the Defendant in his capacity as President of EMI-SAR Trucking. DE 160. The factual basis for the contempt was that EMI-SAR Trucking had the ability to pay in full the fine and restitution. Judge Ryskamp ordered the Defendant incarcerated for an additional six months, to run consecutively to the sentence he was already serving. The Defendant could purge the contempt, and avoid the additional jail time, by having EMI-SAR Trucking pay its fine and restitution ion full within 60 days of the contempt order. *Id.*

Within the 60 day window, the Defendant filed a Motion to Vacate/Discharge Contempt Order. DE 164. It stated in pertinent part, "Defendant, Emilio Perez, as President and corporate officer of Emi-Sar Trucking and Equipment, Inc., in accordance with this Court's Order of December 4, 2003, respectfully requests this Court vacate and/or discharge the six (6) month contempt of court Order as Emilio Pererz, as President and corporate officer of Emi-Sar Trucking and Equipment, Inc., has paid to the Court $34,100 comprising of the fine and restitution imposed upon Emi-Sar Trucking and Equipment, Inc." *Id.* It further stated, "On Friday, January 30, 2004, in the presence of United States Probation Officer Judith Guthrie,

$34,100 was deposited to the court. *This amount was the total fine and restitution amount imposed upon Emi-Sar Trucking and Equipment, Inc*." *Id.* (emphasis added). Despite the contemporaneous statements acknowledging that the 2004 payment was to be credited against the corporation's financial obligations, the Defendant now wrongly asserts that this payment should have been credited against his personal obligation.

The Defendant did not appear for the hearing on July 10, 2019. Because it is not clear that the Defendant received actual notice of the changed hearing date, the undersigned did not issue a bench warrant. The Government requests that the Court enter an order setting a date certain by which the Defendant must pay his outstanding balance. Given that the Defendant is already under a legal obligation to pay, and has a history of refusing to pay based on his belief that the money is not owed, the undersigned is doubtful that he will comply with another order setting a deadline, but will defer to the Government's request. The undersigned also notes that the Government has legal authority to involuntarily collect the amount owed, including foreclosing on the real property owned by the Defendant. 18 U.S.C. § 3613(a).

WHEREFORE, it is RECOMMENDED that the District Court enter an order setting a date certain, not to exceed 60 days, for payment in full of Defendant's unpaid fine. It is FURTHER RECOMMENDED that this order be without prejudice to the Government otherwise enforcing its lien on Defendant's property. *See* 18 U.S.C. § 3613(c) (fine imposed as part of a criminal judgment "is a lien in favor of the United States on all property and rights to property of the person fined.").

The Clerk of Court shall mail a copy of this Report and Recommendation, with a return receipt, to the Defendant's two last known addresses: 246 East Main Street, Pahokee, Florida,

33476, and 691 East Main Street, Pahokee, Florida, 33476. The Clerk of Court shall also email a copy to tuiwarehouse@yahoo.com.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Federico A. Moreno, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2019).

**DONE AND SUBMITTED** in Chambers this 10th day of July, 2019, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE